IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Christopher Caldwell, #327650, | ) | C/A No.: 1:13-1180-RMG-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Warden Michael McCall, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Christopher Caldwell is an inmate at the Lee Correctional Institution of the South Carolina Department of Corrections who filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.) for a Report and Recommendation on Respondent's return and motion for summary judgment [Entry #25, #26]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion by September 6, 2013. [Entry #27]. Petitioner filed a two-page response on September 23, 2013. [Entry #31]. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's motion for summary judgment be granted.

I.    Factual and Procedural Background

After Petitioner's 46-year old mother ("Victim") did not appear for a work meeting, her coworkers unsuccessfully attempted to call her and Petitioner. [Entry #25-1 at 12–

13]. They eventually went to the residence where she and Petitioner lived and found no sign of her. *Id.* at 13. They called the Richland County Sheriff's Department, which also attempted to contact her. *Id.* Eventually Petitioner returned one of the calls and informed a deputy that he and his mother had traveled in his truck to Virginia to visit with his grandmother in the hospital, where cell phones did not work. *Id.* at 13–14. However, Petitioner was seen in his truck about a half an hour later in town. *Id.* at 14. Ultimately, a neighbor went into the Victim's residence where he found her on a bed with an axe in her neck and blood everywhere. *Id.* at 14–15. He called law enforcement, whose investigation revealed that the Victim had confronted Petitioner regarding his continued drug abuse and the non-permissive use of her truck. *Id.* at 15, 20. Petitioner had stabbed his mother 86 times with a dagger (*id.* at 16–21), but because she was still alive and "gurgling," Petitioner ultimately used a medieval style axe he had in his bedroom to decapitate her. *Id.* at 18, 20. Thereafter, Petitioner partied with a coworker, who informed police that Petitioner had cashed his mother's check, and that he and Petitioner had used cocaine. *Id.* at 16–17. Petitioner eventually called 911 at 2 a.m. from a truck stop to report that he had killed his mother and that he was out of gas and needed help. *Id.* at 17. He was arrested wearing bloody clothing which he admitted contained his mother's blood. *Id.* He gave a full confession of his actions. *Id.* at 18. He was 19 years old at the time. *Id.* at 28.

Petitioner was indicted by the Richland County grand jury in May 2006 for the murder of his mother (2006-GS-40-3113) [Entry #25-1 at 82–83]. He was represented by Richland County Deputy Public Defender Lauren Mobley, and on April 4, 2008, he pled

guilty before the Honorable J. Michelle Childs, then-Circuit Judge. [*Id.* at 3–39]. Judge Childs sentenced Petitioner to 50 years' imprisonment. [*Id.* at 38]. Petitioner did not file a direct appeal.

On February 20, 2009, Petitioner filed an application for post-conviction relief ("PCR") asserting claims of ineffective assistance of counsel, involuntary guilty plea, and violation of his constitutional rights. [Entry #25-1 at 40−44]. A PCR evidentiary hearing was held before the Honorable L. Casey Manning on February 28, 2011, at which Petitioner and his counsel, Robert L. Brown, Esq., appeared. [*Id.* at 49–70]. On September 1, 2011, Judge Manning filed an order of dismissal. [*Id.* at 71–79].

Petitioner timely appealed from the denial of PCR on September 26, 2011. [Entry #25-3]. Petitioner was represented by Appellate Defender Robert M. Pachak of the South Carolina Commission on Indigent Defense, Division of Appellate Defense, who filed a *Johnson* petition[1] for writ of certiorari in the South Carolina Supreme Court on or about February 27, 2012, raising the following issue: "Whether plea counsel was ineffective in her representation of petitioner by coercing him to plead guilty?" [Entry #25-4 at 3]. Petitioner did not file a *pro se* brief.

---

[1] *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988) (applying the factors of *Anders v. California*, 386 U.S. 738 (1967), to post-conviction appeals). *Anders* requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal, furnish a copy of that brief to the defendant, and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. *Anders*, 386 U.S. at 744.

Petitioner's appeal was transferred from the South Carolina Supreme Court to the South Carolina Court of Appeals. [Entry #25-7 at 6]. By order filed April 4, 2013, the South Carolina Court of Appeals denied the petition for certiorari and granted counsel's request to withdraw. [Entry #25-8]. The remittitur issued on April 22, 2013. [Entry #25-9].

II.     Discussion

Petitioner filed this federal petition for a writ of habeas corpus on April 26, 2013. [Entry #1].[2]  Petitioner filed amendments to his petition on June 4, 2013 [Entry #13] and June 19, 2013 [Entry #15].   The grounds raised by the petition, as amended, follow:

**Ground One:**     Plea counsel was ineffective in her representation, by coercing Petitioner to plead guilty in violation of the 6th, 5th, and 14th Amendments.

Supporting facts: Petitioner Christopher Caldwell plead guilty to murder on April 4, 2008. The guilty plea was involuntary due to plea counsel's coercion to plead guilty. Plea counsel explained in the very first meeting that Petitioner had no defense for trial, and that if I did not want to go to prison for life I had to plead guilty. Petitioner never agreed one way or the other. On April 4, 2008 Petitioner met with plea counsel at the Richland County courthouse. Plea counsel advised Petitioner that this was a plea hearing, that I had no defense at all. Plea counsel testified that she did in fact explain to the Petitioner that he had no real defense, according to Page 5 paragraph 3 of the Order of Dismissal (2009-CP-40-1156) Petitioner then asked how much time was being faced. Plea counsel responded with 30 or life. Petitioner decided to go to trial. Plea counsel then advised Petitioner that he could

---

[2] The petition was received by the court on April 30, 2013, and docketed on May 1, 2013. However, because Petitioner is incarcerated, he benefits from the "prison mailbox rule." *Houston v. Lack*, 487 U.S. 266 (1988). The envelope containing the petition was deposited in the prison mailing system on April 26, 2013. [Entry #1-2 at 2].

withdraw the plea if he was not satisfied with it. Petitioner proceeded to plea hearing and was sentenced to 50 years mandatory, which is hardly less than life.

[Entry #1-1 at 1–2].

**Ground Two:**     Petitioner's 6th, 5th, and 14th Amendment of the United States Constitution were violated by Petitioner's PCR counsel Robert Brown's failure to raise that Petitioner's guilty plea was involuntary based on plea counsel instruction that Petitioner could withdraw plea if he did not like the results.

Supporting facts: Petitioner Christopher Caldwell was convicted on April 4, 2008 of murder and sentenced to a 50 year mandatory term. The plea was made involuntary based on incorrect sentencing advice by plea counsel. Plea counsel advised, as stated in the PCR transcript page 18, line 17:

> Q: Now the day of the plea, you met with Christopher. Did you tell him that he'd be able to withdraw his plea or stop the plea process if he was unhappy with the way it was going?
> A: I feel like it—I don't recall specifically, let's leave it at that.

Plea counsel clearly gave incorrect sentencing advice based on this statement.

[Entry #1-1 at 3–4].

**Ground Three:**     Petitioner's 6th, 5th, and 14th Amendment of the United States Constitution were violated by Petitioner's PCR counsel Robert Brown's failure to raise that Petitioner's trial counsel was ineffective by not providing Petitioner with a competency report to see if he was competent to stand trial.

Supporting facts: Petitioner Christopher Caldwell was convicted of murder on April 4, 2008 without being provided a competency report on Petitioner's criminal responsibility. Petitioner was evaluated by a private psychologist provided by trial counsel Lauren Mobley. Trial counsel advised Petitioner that the report did not help his defense, but never provided

Petitioner, nor prosecutor, nor judge with the official findings. Was the competency test conclusive to Petitioner being competent or incompetent to stand trial?

[Entry #13 at 2].

**Ground Four:**     PCR counsel violated Petitioner's 5th and 14th Amendment by his ineffective assistance of counsel.

Supporting facts: Robert Brown PCR attorney was ineffective for his failure to raise trial counsel being ineffective for her failure to present mental health mitigating circumstances in the sentencing phase of plea hearing. Not only did she not present mental health mitigating circumstances, she informed the court that Petitioner had no mitigating evidence whatsoever. According to Petitioner's medical records, he was hospitalized in 2002 for mental health reasons concerning his home life. He also was put on medication while incarcerated awaiting trial.

[Entry #15 at 2].

A.     Standard for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id.* at 255.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e).

        B.      Habeas Corpus Standard of Review

        1.      Generally

Because Petitioner filed his petition after the effective date of the AEDPA, review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410. Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

2. Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

a. Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

(b)   (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—

(A)   the applicant has exhausted the remedies available in the courts of the State; or

(B)   (i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c)    An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State,* 653 S.E.2d 266 (S.C. 2007).[3] Furthermore, strict time deadlines govern direct appeal and the filing of a PCR in

_____

[3] In *Bostick v. Stevenson*, 589 F.3d 160, 162‒65 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not been uniformly and strictly enforcing the failure to file a

the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

The United States Supreme Court has held that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"—which includes "petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). This opportunity must be given by fairly presenting to the state court "both the operative facts and the controlling legal principles" associated with each claim. *Baker v. Corcoran,* 220 F.3d 276, 289 (4th Cir. 2000) (citing *Matthews v. Evatt,* 105 F.3d 907, 911 (4th Cir. 1997) (internal quotation marks omitted)). That is to say, the ground must "be presented face-up and squarely." *Mallory v. Smith*, 27 F.3d 991, 995 (4th Cir. 1994) (citation and internal quotation marks omitted).

The South Carolina Supreme Court has held that the presentation of claims to the state court of appeals without more is sufficient to exhaust state remedies for federal habeas corpus review. *State v. McKennedy,* 559 S.E.2d 850 (S.C. 2002); *see also In re Exhaustion of State Remedies in Criminal and Post–Conviction Relief Cases,* 471 S.E.2d 454 (S.C. 1990). The *McKennedy* court held that *In re Exhaustion* had placed discretionary

---

motion pursuant to Rule 59(e), SCRCP, as a procedural bar. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

review by the South Carolina Supreme Court *"outside* of South Carolina's ordinary appellate review procedure pursuant to *O'Sullivan*." 559 S.E.2d at 854. As such, it is an "extraordinary" remedy under *O'Sullivan*, "technically available to the litigant but not required to be exhausted," *Adams v. Holland*, 330 F.3d 398, 403 (6th Cir. 2003).

Because the South Carolina Supreme Court has held that presentation of certain claims to the South Carolina Court of Appeals without more is sufficient to exhaust state remedies, a claim is not procedurally barred from review in this court for failure to pursue review in the South Carolina Supreme Court after an adverse decision in the South Carolina Court of Appeals.

b.      Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file

a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar.   As the Supreme Court explains:

> . . . [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10–11 (1984).

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule[,]" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith v. Murray*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim.   *Murray v. Carrier*, 477 U.S. 478, 496 (1986), *superseded by statute on other grounds* (AEDPA).

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply.   *See Matthews v. Evatt*, 105 F.3d at 915 (citing *Coleman v. Thompson*, 501 U.S.

722, 735 n.1 (1991); *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

### 3.    Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the states courts in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred.  *Murray*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim.  *Id.*   Absent a showing of "cause," the court is not required to consider "actual prejudice."  *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995).   However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

### C.    Analysis

#### 1.    Procedural Bar

As an initial matter, Respondent argues that Petitioner procedurally defaulted on his claims in Grounds Two, Three, and Four above by failing to present them to the state courts.

In Ground Two, Petitioner asserts that PCR counsel was ineffective in failing to raise that his guilty plea was involuntary based on plea counsel's advice that he could withdraw the plea if he did not like the results. [Entry #1-1 at 3]. In Ground Three, Petitioner asserts that PCR counsel was ineffective in failing to raise that plea counsel was ineffective for not providing him with a copy of the competency report that she received before his guilty plea to see if he was competent to stand trial. [Entry #13 at 2]. In Ground Four, Petitioner asserts that PCR counsel was ineffective in failing to raise that plea counsel was ineffective for failing to present any mitigating evidence regarding his mental health background in an effort to lessen his sentence. [Entry #15 at 2].  In his response, Petitioner argues that Ground Two was raised at PCR, citing to the PCR court's Order of Dismissal at page 5, paragraph 3. [Entry #31 at 1].  However, the issue raised there concerned the involuntariness of Petitioner's guilty plea due to plea counsel's advice that he could withdraw his guilty plea (i.e., Ground One), not the ineffectiveness of PCR counsel, as stated in Ground Two.

Because these claims were not raised to or ruled upon in the PCR court, they were not preserved for review. *Plyler v. State*, 424 S.E.2d 477 (S.C. 1992) (issue must be both raised and ruled upon by the PCR court to be preserved for appellate review); Rule 59(e), SCRCP (providing avenue for any party to move to alter or amend judgment); *Bostick v. Stevenson*, 589 F.3d 160, 164 (4th Cir. 2009) (acknowledging same applied consistently and regularly in South Carolina after *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007)). As a result, these claims were not properly presented to the South Carolina Supreme Court.

The South Carolina state courts would find them procedurally defaulted if Petitioner attempted to raise them now. Consequently, federal habeas review of Petitioner's claims in Grounds Two, Three, and Four is barred absent a showing of cause and actual prejudice, or actual innocence. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *Matthews v. Evatt*, *supra*.

  2.  Cause and Prejudice

  Petitioner has not shown sufficient cause and prejudice to excuse the default of Grounds Two, Three, and Four. In all cases in which a state prisoner has defaulted his federal claims in state court, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Id.*; *see* 28 U.S.C. § 2254; *Rodriguez v. Young*, 906 F.2d 1153, 1159 (7th Cir. 1990) ("Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."); *Mazzell v. Evatt*, 88 F.3d 263, 269 (4th Cir. 1996) (in order to show prejudice a petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different); *Wainwright,* 433 U.S. at 88–91; *Murray*, 477 U.S. at 496; *Rodriguez*, 906 F.2d at 1159 (a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"); *Sawyer v. Whitley*, 505 U.S. 333, 348 (1992).

The existence of cause must ordinarily turn on whether the prisoner can show some objective factor external to the defense impeded counsel's or the defendant's efforts to comply with the State's procedural rule. *Murray*, 477 U.S. at 488. Petitioner fails to articulate any cause for procedurally defaulting on these grounds. Petitioner had a guilty plea in which he raised no objection, had the opportunity for a direct appeal, a PCR hearing, and an appeal from the PCR in which to raise these issues. However, he failed to raise them, raise them properly, or preserve the issues for habeas review. Petitioner cannot establish cause and prejudice because he has consistently abandoned opportunities to preserve the issues.

To the extent that Petitioner argues his PCR appellate counsel was ineffective for not having raised other issues, the argument is insufficient to allege cause for procedural default or undue prejudice from an alleged constitutional violation. "[T]he Fourth Circuit has unambiguously held that there is no constitutional right to counsel at the post-conviction relief stage, and, thus, there can be no error which implicates the Sixth Amendment." *Longworth v. Ozmint,* 302 F.Supp.2d 535, 545 (D.S.C. 2003) (insufficient for § 2254 petitioner to argue cause for default based on PCR appellate counsel's failure to include issues on appeal) (citing *Mackall v. Angelone,* 131 F.3d 442, 449 (4th Cir. 1997) (*en banc*)). "Thus, because nothing impeded Petitioner's counsel from filing a brief with Petitioner's additional claims, Petitioner cannot show cause for failure to comply with the procedural rule and his objection is overruled." *Bryant v. Warden, Broad River Corr. Inst.,* No. 5:11–1315–RBH, 2012 WL 3597652, at *3 (D.S.C. Aug. 20, 2012).

Having failed to establish "cause," the court does not reach whether Petitioner was prejudiced. *See Kornahrens v. Evatt,* 66 F.3d 1350, 1359 (4th Cir. 1995) ("We are mindful . . . that in *Engle* [*v. Isaac,* 456 U.S. 107, 134 n. 43 (1982) ], after finding that there was no cause for the default, the Supreme Court ended its inquiry, noting that because 'we conclude[d] that these respondents lacked cause for their default, we do not consider whether they also suffered actual prejudice.'"); *see also Breard v. Pruett,* 134 F.3d 615, 620 (4th Cir. 1998) (same). Petitioner's appointed PCR counsel could have included the additional grounds, but chose not to do so.[4]

In the alternative, Petitioner must show a miscarriage of justice. In order to demonstrate a miscarriage of justice, Petitioner must show he is actually innocent. Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Petitioner cannot establish that the errors he complains of probably resulted in the conviction of an innocent person. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In order to pass through the actual-innocence gateway, a petitioner's case must be "truly extraordinary." *Id.* The court's review of the record does not support a showing of actual innocence.

---

[4] As Petitioner notes in his petition amendments [Entry #13, #15], the Supreme Court has recently recognized that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of ineffective assistance at trial." *Martinez v. Ryan*, 132 S.Ct. 1309, 1315 (2012). However, the *Martinez* Court did not extend the potential for demonstrating cause to "attorney errors in other kinds of proceedings, including appeals from initial review collateral proceedings." *Id.* at 1320. Accordingly, Petitioner's claim that his PCR appellate counsel was ineffective cannot establish the requisite cause required to excuse his default.

The guilty plea colloquy reflects that Petitioner admitted he committed the crime of murder and admitted the facts as recited by the Solicitor and police captain in Section I above. [Entry#25-1 at 22]. In light of the foregoing, Petitioner cannot show actual innocence, and therefore, the procedural bar applies to Grounds Two, Three, and Four.

       3.     Merits Review

In Ground One, Petitioner claims his plea counsel was ineffective by coercing him to plead guilty. [Entry #1-1 at 1–2]. To prevail on his ineffective assistance of counsel claim, Petitioner must show (1) that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The court must apply a "strong presumption" that trial counsel's representation fell within the "wide range of reasonable professional assistance," and the errors must be "so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Harrington v. Richter*, 131 S.Ct. 770, 787 (2011). This is a high standard that requires a habeas petitioner to show that counsel's errors deprived him "of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. That the outcome would "reasonably likely" have been different but for counsel's error is not dispositive of the prejudice inquiry. Rather, the court must determine whether the result of the proceeding was fundamentally unfair or unreliable. *Harrington*, 131 S.Ct. at 787–88; *Strickland*, 466 U.S. at 694.

The United States Supreme Court has cautioned that "'[s]urmounting *Strickland*'s high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Harrington*, 131 S.Ct. at 788 (*quoting Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)). When evaluating an ineffective assistance of counsel claim, the petitioner must satisfy the highly deferential standards of 28 U.S.C. § 2254(d) and *Strickland* "in tandem," making the standard "doubly" more difficult. *Harrington*, 131 S.Ct. at 788. In such circumstances, the "question is not whether counsel's actions were unreasonable," but whether "there is any reasonable argument that counsel satisfied *Strickland*'s deferential standards." *Id.* The unreasonableness of the state court determination must be "beyond any possibility of fairminded disagreement." *Id.* at 787. "If this standard is difficult to meet, that is because it was meant to be." *Id.* at 786. Section 2254(d) codifies the view that habeas corpus is a "'guard against extreme malfunctions in the state criminal justice system,' not a substitute for ordinary error correction through appeal." *Id., quoting Jackson v. Virginia*, 443 U.S. 307, 332 n. 5 (1979)).

The PCR court found as follows:

Beyond his review of the undisputed procedural history, this Court finds Applicant's testimony is not credible. Plea counsel's testimony is credible. Specifically, there is no merit to the Applicant's claim that he thought he could withdraw his plea at any time: his testimony was not credible. This Court notes that the Applicant confessed and apologized at the plea. (Guilty plea transcript, p.29–32).The Applicant has failed to articulate any sort of cognizable and credible claim that would afford him PCR relief.  His claim that he felt rushed does not amount to any sort of prejudice. In addition, he responded appropriately with the plea court and clearly indicated his desire to proceed. Accordingly, this Court finds Applicant has failed to prove the

first prong of the Strickland test—that counsel failed to render reasonably effective assistance under prevailing professional norms. This Court also finds Applicant has failed to prove the second prong of Strickland—that he was prejudiced by counsel's performance.

[Entry #25-1 at 77].

In his opposition to the summary judgment motion, Petitioner provided no substantive argument concerning this ground. [Entry #31]. Petitioner cannot satisfy the *Strickland* test. He has failed to show the PCR court unreasonably applied United States Supreme Court precedent in deciding this issue. Additionally, Petitioner has failed to show by clear and convincing evidence the PCR court reached an unreasonable factual determination of this issue given the evidence and record before it. *Evans v. Smith*, 220 F.3d 306, 312 (4th Cir. 2000) (federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding); *Williams v. Taylor*, *supra*; *Bell v. Jarvis*, 236 F.3d 149, 157-158 (4th Cir. 2000); 28 U.S.C. ' 2254(e)(1) (determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence). Therefore, Petitioner has failed to overcome the deferential standard of review accorded the state PCR court's determination of this issue. As a result, Petitioner has failed to show he is entitled to federal habeas corpus relief.

Having failed to show ineffective assistance, Petitioner cannot show an involuntary plea attributable to ineffective assistance. Further, the record supports the PCR court's ruling that Petitioner entered a knowing and intelligent plea, with the assistance of counsel,

and with the opportunity to express mitigating circumstances. The United States Supreme Court has held that "while 'the governing standard as to whether a plea of guilty is voluntary for purposes of the Federal Constitution is a question of federal law, and not a question of fact subject to the requirements of 28 U.S.C. § 2254(d),' the historical facts underlying such pleas are entitled to deference under the statute." *Sargent v. Waters,* 71 F.3d 158, 160 (1995) (quoting *Marshall,* 459 U.S. at 431–432).

Here, the record reflects the following colloquy took place:

The Court:     Okay. Mr. Caldwell, are you under the influence of any alcohol, drugs or medication?

Petitioner:     No, ma'am.

. . .

The Court:     All right. The Court has received the indictment, and it indicates that in Richland County on or about April 11, 2006 that you feloniously, willfully and with malice aforethought killed one Donna Phillips by means of stabbing the victim with a knife and that she died as a proximate result thereof?

Petitioner:     Yes, ma'am.

The Court:     Okay. How do you wish to plead with respect to this offense for murder?

Petitioner:     Guilty.

The Court:     Okay. And are you pleading guilty because you are in fact guilty?

Petitioner:     Yes, ma'am.

The Court:     Do you understand that by pleading guilty you are giving up all of your Constitutional rights?

Petitioner:     Yes, ma'am.

The Court:     And that would include your right to actually go to a jury trial and challenge any of the evidence as presented by the State?

Petitioner:     Yes, ma'am.

. . .

The Court:     Okay. With respect to this particular offense, has anyone threatened you, forced you in any way to plead guilty today?

Petitioner:     No, ma'am.

The Court:     Are you doing so freely and voluntarily?

Petitioner:     Yes, ma'am.

The Court:     Of your own free will?

| | |
|---|---|
| Petitioner: | Yes, ma'am. |
| The Court: | And do you believe that you've had enough time to speak over this matter with your attorney? |
| Petitioner: | Yes, ma'am. |
| The Court: | Has she addressed all of your questions, issues and concerns? |
| Petitioner: | Yes, ma'am. |
| The Court: | And have you understood her conversations with you? |
| Petitioner: | Yes, ma'am. |
| The Court: | Do you feel like you've had enough time to speak with her about this matter in terms of making a decision about pleading or even going to trial? |
| Petitioner: | Yes, ma'am. |
| The Court: | Okay. And so the decision today with respect to pleading is your decision? |
| Petitioner: | Yes, ma'am. |
| The Court: | Are you satisfied with the representation of your attorney? |
| Petitioner: | Yes, ma'am. |
| The Court: | Okay. And do you believe that she has adequately explained to you the nature of this offense, your maximum possible punishment, as well as your Constitutional rights? |
| Petitioner: | Yes, ma'am. |
| . . . | |
| The Court: | Knowing these consequences as well as the fact that you give up all Constitutional rights, is it still your desire to plead guilty? |
| Petitioner: | Yes, ma'am. |

[*Id.* at 6–11].

Thereafter, the solicitor and police captain presented the facts of their investigation [*id.* at 12–22], with which Petitioner concurred [*id.* at 22]. The court heard from the solicitor, the Victim's family members, Petitioner's counsel, and Petitioner about sentencing. [*Id.* at 22–35]. Then the following colloquy took place:

| | |
|---|---|
| The Court: | Okay. And then, Mr. Caldwell, now having heard the various allegations by the State, having heard from the victims as well, meaning your family members, do you still wish to plead guilty to this offense? |
| Petitioner: | Yes, ma'am. |
| The Court: | And I need to know also, you've indicated that no threats were made to you. I want to make sure that there has been no promises or anything in exchange, any hope of reward offered to you in exchange for this plea. |

| Petitioner: | No, ma'am. |
|---|---|
| The Court: | Do you have any complaints against any of the arresting officers, the Solicitor's Office, any governmental agency's dealings with respect to you? |
| Petitioner: | No, ma'am. |
| The Court: | Do you feel like you've had enough time to make up your mind with respect to pleading guilty or going to trial? |
| Petitioner: | Yes, ma'am. |
| The Court: | Okay. The Court will accept your plea of guilty. I do find that there is a substantial factual basis on which to do so. And you've indicated you've done so knowingly and voluntarily and also intelligently, and you've had enough time with your counsel. I will advise you that you have ten days to appeal your guilty plea and/or sentence and then up to one year to challenge your attorney's representation of you under a post-conviction relief application. Do you understand those rights as I have now given them to you? |
| Petitioner: | Yes, ma'am. |

[*Id.* at 35–37].

There is no basis in this record to overturn the findings of the state court. Viewing the record in its entirety, the record supports the state court's conclusion that Petitioner was aware of the constitutional rights that he was waiving and that he freely and voluntarily entered his guilty plea. *Evans,* 220 F.3d at 312 (federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding); *Williams,* 529 U.S. at 398; *Bell v. Jarvis,* 236 F.3d 149, 157–158 (4th Cir. 2009); 28 U.S.C. § 2254(e)(1) (determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence). *Sargent,* 71 F.3d at 160 (historical facts underlying guilty pleas are entitled to deference).

While Petitioner now alleges his plea was involuntary, "[r]epresentations of the Defendant, his lawyer and the prosecutor at [arraignment], as well as any findings made by

the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings . . . The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison,* 431 U.S. 63, 73–74 (1977). Further, statements of the accused that facially demonstrate the plea's validity are conclusive absent compelling reasons why they should not be, such as ineffective assistance of counsel. *Via v. Superintendent, Powhatan Correctional Center,* 643 F.2d 167, 171 (4th Cir. 1981). The undersigned can find no basis for a reversal of the state court's finding that Petitioner's guilty plea was voluntary. *Sargent,* 71 F.3d at 160.

III.     Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends Respondent's motion for summary judgment [Entry #26] be granted.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

October 4, 2013                                    Shiva V. Hodges
Columbia, South Carolina                 United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).