IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Christopher Caldwell, #327650, | ) | |
|---|---|---|
| | ) | No. 1:13-cv-1180-RMG |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Michael McCall, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge ("R&R") recommending that this Court grant Respondent's motion for summary judgment. (Dkt. No. 32). For the reasons set forth below, the Court agrees with and adopts the R&R as the order of the Court.

### Background

Petitioner, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) DSC, this matter was automatically referred to a Magistrate Judge for pretrial proceedings. On July 30, 2013, Respondent filed a motion for summary judgment. (Dkt. No. 26). Petitioner then filed a response to the motion. (Dkt. No. 31). The Magistrate Judge then issued the present R&R recommending the Court grant Respondent's motion for summary judgment. (Dkt. No. 32). Plaintiff then failed to file timely objections to the R&R.

### Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making

1

a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

In reviewing these pleadings, the Court is mindful of Plaintiff's *pro se* status. This Court is charged with liberally construing the pleadings of a *pro se* litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim, or that a court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

## Discussion

After review of the record and the R&R, the Court finds the Magistrate Judge applied sound legal principles to the facts of this case and correctly determined that the Court should grant Respondent's motion for summary judgment. The Magistrate Judge properly concluded that Petitioner was procedurally barred from raising grounds two through four of his petition in this proceeding and that Petitioner failed to establish in ground one that his guilty plea was a result of the ineffective assistance of his trial counsel.

## Conclusion

For the reasons set forth above, the Court agrees with and wholly adopts the R&R as the order of the Court. (Dkt. No. 32). Accordingly, the Court GRANTS Respondent's motion for summary judgment. (Dkt. No. 26).

2

## Certificate of Appealability

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is DENIED.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

October 25, 2013
Charleston, South Carolina